UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRUSTEES OF THE LOCAL 807 LABOR-
MANAGEMENT PENSION FUND,

                                   Plaintiffs,

      -against-

Maritime Fish Products, Inc.,
                                 Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-cv-844 (ENV) (CLP)

**VITALIANO, D.J.**

        Plaintiffs, Trustees of the Local 807 Labor-Management Pension Fund (the "Fund"), filed this action on February 22, 2011 against defendant Maritime Fish Products, Inc. ("Maritime") pursuant to Sections 502, 515, 4221(b)(1), and 4301(c) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145, 1401(b)(1), and 1451(c), to recover withdrawal liability payments that Maritime allegedly failed to make after it withdrew from the Fund. Defendant failed to answer the Fund's complaint, the Clerk of Court entered a default against defendant, and the Fund moved for default judgment. On June 16, 2011, the Court granted the motion with referral to Magistrate Judge Cheryl L. Pollak for a report and recommendation on damages.

        On August 3, 2011, Judge Pollak scheduled an inquest hearing to determine damages. Soon after, counsel for defendant finally made an appearance. Judge Pollak presided over the scheduled inquest hearing on September 28, 2012. Counsel for both parties appeared, and defendant challenged the default. On February 2, 2012, defendant filed a motion to vacate the default, which plaintiffs have opposed. In a report and recommendation (the "R&R") issued on May 31, 2012, Judge Pollak recommended (1) denial of defendant's motion to vacate and (2) an

1

award of damages to plaintiffs.

In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

No objections have been filed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Judgment shall enter in favor of plaintiffs and against defendant as follows: (1) $82,182.00 in unpaid withdrawal liability; (2) $24,654.60 in interest accrued through May 31, 2012; (3) $16,436.40 in liquidated damages; (4) $3,550.00 in attorney's fees; (5) $457.08 in costs; (6) interest accrued from May 31, 2012 until the date of entry of judgment calculated at the rate of $40.53 per day; and (7) post-judgment interest pursuant 28 U.S.C. § 1961.

The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
June 29, 2012

s/ ENV

ERIC N. VITALIANO
United States District Judge

2